| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ADAM MASON, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:15-CV-46 |
| § | |
| ENTERGY TEXAS, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Adam Mason's ("Mason") Motion to Remand (#5), wherein he requests that the court remand this action to the state court in which it was originally filed on the basis that Defendant Entergy Texas, Inc.'s ("Entergy") removal is barred by the forum defendant rule. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Entergy's motion should be GRANTED.

On December 2, 2014, Mason filed suit against Entergy in the 58th Judicial District Court of Jefferson County, Texas, asserting claims for negligence, gross negligence, and premises liability. Entergy was served with the suit on December 30, 2014, and subsequently removed the case to this court on the basis of diversity jurisdiction. The parties agree that Mason is a citizen of Mississippi and that Entergy is a citizen of Texas. On February 20, 2015, Mason filed the instant motion to remand, arguing that although complete diversity exists in this action, the forum defendant rule renders removal procedurally defective. Entergy did not respond.

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 1998). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723.

Mason concedes that complete diversity exists. The existence of diversity jurisdiction, however, does not end the inquiry with regard to his motion to remand. Section 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co.*, 546 U.S. at 89; *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006). "Failure to comply with the forum defendant rule renders removal procedurally defective." *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392-94); *see Fed. Nat'l Mortg. Ass'n v. Bullington*, No. 4:13-CV-788, 2013 WL

5530266, at *2 (N.D. Tex. Oct. 4, 2013); *JP Morgan Chase, N.A. v. Silva*, No. 3:13-CV-3314, 2013 WL 4870289, at *1 (N.D. Tex. Sept. 12, 2013); *Holmes v. Lafayette*, No. 4:11-CV-21, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013).

Here, Entergy is a citizen and resident of Texas—the same state in which Mason filed suit. Further, Entergy has neither argued nor established that it was not properly served in the state court action. Accordingly, because an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit, Entergy's removal was procedurally defective.

Based on the foregoing analysis, this case was improvidently removed, and remand is warranted. Accordingly, Entergy's Motion to Remand (#5) is granted. An order remanding this action to the 58th District Court of Jefferson County, Texas, will be entered separately.

SIGNED at Beaumont, Texas, this 31st day of March, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE